IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHEILA PUGACH,

              Plaintiff,

   vs.                              CIVIL NO.  99-559 JP/LFG

STATE OF NEW MEXICO, NEW
MEXICO STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT et al.,

              Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR ORDER REQUIRING MENTAL EXAMINATION

THIS MATTER came before the Court on Defendants' December 7, 1999 Motion for Order

Requiring Mental Examination Pursuant to Rule 35 and For an Extension of Time in Which to Submit

the Report of an Expert Examining Plaintiff [Doc. 36].  Plaintiff Sheila Pugach ("Pugach") opposes

the motion.  The parties presented their oral arguments in support of and in opposition to the motion

on December 20, 1999.

### Background

Pugach brings her cause of action against Defendants under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.*, as amended by the Equal Pay Act, 29 U.S.C. § 206(d), and under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  She complains that Defendants failed to pay

her overtime wages for call-back work in accord with state and federal laws, and when she sought

redress for her grievances, Defendants retaliated by creating a hostile work atmosphere.  She alleges

discrimination based on gender and that her over-time compensation complaints were met by

Defendants' constant harassment; withholding of information vital to the performance of her job;

failure to notify her when her peers or supervisors were off work; close monitoring of her work; public criticism of her performance; requiring that she wear a pager; false accusations of poor performance; and unfair and discriminatory appraisals. Subsequent to complaining of discriminatory treatment, she was subjected to retaliatory conduct by Defendants. Indeed, Pugach contends that Defendants' conduct was of such a nature as to result in her constructive discharge and loss of wages and benefits. (Amended Complaint, ¶ 23).

Pugach contends that she suffered humiliation and pain, deprivation of rights, lost wages and employment benefits, and incurred cost and inconvenience in searching for other jobs. She asserts that she is a victim of Defendants' harassment and that the Court should award her:

> [C]ompensatory damages, and liquidated damages with accrued pre and post-judgment interest to Plaintiff for pecuniary and non-pecuniary losses, including lost earnings, past and future, lost employment benefits, emotional pain, suffering, inconvenience and mental anguish and the cost and inconvenience of searching for a new job, all in a sum to be proven at trial.

## Present Motion

Defendants argue that Pugach's allegations place her mental and emotional condition squarely at issue, and that they are entitled to a Fed. R. Civ. P. 35 independent examination. In the parties' Initial Pretrial Report ("IPTR")[Doc. 17], Pugach listed various individuals who have knowledge of disputed issues of fact. Pugach identified Dr. Michael Muldawer as a psychologist who "will testify he treated Plaintiff for depression and stress due to problems at work." Pugach further identified Dr. Eileen Hammer, a general health practitioner, who "will testify that she treated Plaintiff for sleep problems and that she discussed with her stress due to problems at work." Similarly, Pugach identified Dr. James Goodman, a psychiatrist who "will testify he treated Plaintiff for depression,

sleep problems, and stress due to problems at work." Finally, Pugach identified Dr. Neil Arnet, a psychiatrist, who "will testify he treated Plaintiff for depression, sleep problems, and stress due to problems at work." (IPTR, pp. 7, 8).

At oral argument, however, Pugach stated that she has not identified any expert, submitted any expert report, nor will she call any expert or healthcare practitioner for any purpose during the trial.

## Analysis

When a plaintiff makes a "garden variety" emotional distress claim which amounts to no more than an attempt to recover for a generalized insult, hurt feelings, and lingering resentment, a plaintiff's mental condition is not sufficiently "in controversy" to justify the intrusiveness of a Rule 35 examination. However, when a party makes a particular claim for emotional injury or asserts a "more particularized mental or emotional injury," the claimed condition is in controversy and a defendant is entitled to conduct its own examination and evaluation of the claim. Thiessen v. General Electric Capital Corp., 178 F.R.D. 568 (D. Kan. 1998); see also Schlagenhauf v. Holder, 379 U.S. 104, 85 S. Ct. 234 (1964).

This case is somewhat different than the Court's treatment of the same issue in Chavez v. Bernalillo County Board of Commissioners, D.N.M. Civ. 99-104, where the Court authorized a Rule 35 examination because the plaintiff was making a specific claim for emotional and psychological harm, and would be presenting expert testimony in support of her claim. There, the Court stated:

> A plaintiff may not assert a right to damages, and yet deny the opposing party an opportunity to challenge the legitimacy of the claim. Indeed, in Nora Palmer Fox v. Gates Corp., 179 F.R.D. 303 (D. Colo. 1998), the court stated:

> The majority of courts . . . will not require a plaintiff
> to submit to a medical examination unless, in addition
> to a claim for emotional distress damages, one or more
> of the following factors is also present: (1) plaintiff
> has asserted a specific cause of action for intentional
> or negligent infliction of emotional distress; (2)
> plaintiff has alleged a specific mental or psychiatric
> injury or disorder; (3) plaintiff has claimed unusually
> severe emotional distress; (4) plaintiff has offered
> expert testimony in support of her claim for emotional
> distress damages; and, (5) plaintiff concedes that her
> mental condition is "in controversy."

Chavez v. Bernalillo County Board of Commissioners [Doc. 21].

Here, the specific allegations of the First Amended Complaint show that Pugach claims to be a victim of ongoing harassment that resulted in anxiety, humiliation, and emotional pain and suffering. She attributes sleeplessness, stress and anxiety to the work-related conditions. She sought and received psychological and psychiatric care for these problems. Thus, these claims are far more specific and particularized. They do not seem to fall in the category of generalized insult, hurt feelings and lingering resentment. Thiessen.

However, since the filing of the Second Amended Complaint and submission of the IPTR, Pugach's trial strategy has changed. She now contends that her claims are only "garden variety" and do not come within the "more particularized mental or emotional" injury claim recognized in Thiessen. Pugach notes that she has no separate common law claim for intentional or negligent infliction of emotional distress; Pugach states she is not alleging any specific mental or psychiatric injury, but only a "garden variety" claim for generalized insult, hurt feelings and resentment; Pugach states she will no longer assert a claim for unusually severe emotional distress; Pugach will not offer

expert testimony in support of her claims; and she challenges Defendants' assertion that her mental condition is in controversy.

The issue this Court now faces is what to do when a party initially pleads a more severe or particularized claim for mental or emotional damages, seeks and obtains expert assistance in the treatment of her condition, proposes to offer expert testimony in support of that claim, and, thereafter, changes her mind. Is the defendant then precluded from exploring the legitimacy of the claims by an independent Rule 35 examination? The Court thinks not.

Discovery requests are to be viewed with liberality. Under the Federal Rules of Civil Procedure, discovery is designed in part to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)(citing Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947)). The broad discovery principle under the rules is to intended to allow the parties to know as much as they can about each other's claims and defenses prior to trial so as to better evaluate a case for settlement or, alternatively, to be prepared to meet the proofs at the time of trial. Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1980) Moreover, liberal construction is given to the rules to avoid "trial by ambush." Id. at 797 ("These rules, of course, were designed to make pretrial and discovery uniform across the country and to prevent trial by ambush.").

Here, even though Pugach now asserts that her claim is a garden variety claim, that contention is not consistent with the specific allegations of the complaint, nor with the medical, psychological and psychiatric care she received. Moreover, there would be nothing to prevent her from arguing to the jury the seriousness of her condition or asking the jury to generously compensate her for the humiliation, pain, suffering, emotional trauma and injury which she allegedly suffered. Indeed, even

though expert testimony is not contemplated, Pugach could testify about her emotional injury, sleeplessness, stress, anxiety, and deep humiliation. She could tell the fact finder that she has sought and received counseling, medical assistance, and psychiatric care as a result of these injuries. Defendants might be hard pressed to challenge causation and would have no way to show, save through cross-examination of Pugach herself, that there may be other "life stressors," unrelated to Defendants' alleged conduct, that proximately caused or contributed to the cause of her condition. By altering her trial strategy, Pugach now seeks to deny Defendants their right to scrutinize her claims by an independent evaluator. This would be unfair.

In sum, the Court determines that Pugach's claims, as raised in her First Amended Complaint and characterized in the IPTR, are sufficient to authorize Defendants' right to conduct a Rule 35 medical examination. Accordingly, the Court grants Defendants' motion and directs that immediate arrangements be made for Pugach's testing and evaluation. The Court will place an eight-hour limit on the proposed expert's testing and interviews. However, because it may be necessary to obtain test results before the final interview, the eight hours may be spread over a two-day period. The entire evaluation is to be completed within thirty days from date of entry of this order. In accord with Rule 35, Pugach is to be provided with a copy of the expert's report.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Steven K. Sanders, Esq.

ATTORNEY FOR DEFENDANTS:
Paula I. Forney, Esq.